UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-01127 MWC (SKx)                                             Date: March 31, 2025

Title   Joon Lee v. Mercedes-Benz USA LLC *et al.*

Present: The Honorable:   Michelle Williams Court, United States District Judge

|  T. Jackson | No Reporter |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs: N/A          Attorneys Present for Defendants: N/A

**Proceedings: (IN CHAMBERS) The Court DENIES Plaintiff's motion to remand (Dkt. 14)**

Before the Court is a motion to remand filed by Plaintiff Joon Lee ("Plaintiff"). Dkt. # 14 ("*Mot.*"). Defendant Mercedes-Benz USA, LLC ("Defendant") opposed, Dkt. # 19 ("*Opp.*"), and Plaintiff replied, Dkt. # 26 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **DENIES** the motion to remand.

I.     Background

This case arises out of Plaintiff's purchase of a 2022 Mercedes-Benz GLE5364 ("Vehicle") on February 19, 2022. Dkt. # 1-1 ("*Compl.*"), ¶ 7. Plaintiff alleges that "[a]t the time the [Vehicle] was delivered to Plaintiff, the [Vehicle] was not in merchantable condition, was not safe, and did not conform to the quality and safety guidelines reasonably expected of a motor vehicle. *Id.* ¶ 8. Plaintiff states that the Vehicle was delivered "with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to electrical, mechanical, brakes." *Id.* ¶ 9. On January 6, 2025, Plaintiff filed this lawsuit in Los Angeles Superior Court based on three causes of action: (1) breach of implied warranty; (2) breach of express warranty; and (3) violation of Song-Beverly Consumer Warranty Act ("Song-Beverly Act"). *Id.* ¶¶ 11–38. Plaintiff's complaint requests the following forms of relief: (1) general, special, and actual damages; (2) recission of the lease contract and restitution of all monies expended; (3) diminution in value; (4) incidental

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-01127 MWC (SKx)                              Date: March 31, 2025

Title   Joon Lee v. Mercedes-Benz USA LLC *et al.*

and consequential damages according to proof at trial; (5) civil penalty in the amount of two times Plaintiff's actual damages; (6) prejudgment interest at the legal rate; and (7) reasonable attorney's fees and costs. *Id.* 6:11–20.

On February 10, 2025, Defendant removed the matter to this Court based on diversity jurisdiction. Dkt. # 1. Plaintiff now moves to remand, contesting that the amount in controversy does not exceed $75,000. *Mot.*

II.   Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

When it is not evident from the face of the complaint that the alleged damages exceed $75,000, a defendant must prove by a preponderance of the evidence that the jurisdictional threshold is met. *Valdez v. Allstate Ins.*, 372 F.3d 1115, 1117 (9th Cir. 2004). If the "defendant's assertion of the amount in controversy is challenged . . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). Conclusory allegations that the amount in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:25-cv-01127 MWC (SKx) | Date: March 31, 2025 |
| Title   Joon Lee v. Mercedes-Benz USA LLC *et al.* | |

controversy is satisfied are insufficient. *Matheson v. Progressive Specialty Ins.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) (per curiam).

III.   Discussion

Under 28 U.S.C. § 1332, for the Court to properly have subject matter jurisdiction based on the diversity of the parties, all plaintiffs must be from different states than all defendants and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. In this motion to remand, Plaintiff contends that diversity jurisdiction is lacking because the amount in controversy does not exceed $75,000. *See generally Mot.* Plaintiff does not contest that Plaintiff and Defendant are from different states. *See generally id.* This Order will therefore only address the amount in controversy.

"[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Commc'ns. Inc.*, 627 F.3d 295, 400 (9th Cir. 2010). Accordingly, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Express, Inc.*, 471 Fed. App'x. 646, 648 (9th Cir. 2012) (citation omitted).

In this action, Plaintiff brings a cause of action under the Song-Beverly Act. *Compl.* ¶¶ 29–38. The Song-Beverly Act, also known as California's lemon law, allows consumers to receive damages in restitution for defective vehicles. *See* Cal. Civ. Code §§ 1790 *et seq.* "Courts calculate the amount of restitution under the law by first establishing an 'offset' amount for Plaintiff's use of the vehicle (purchase price multiplied by a fraction constituting miles driven divided by 120,000)." *Lee v. FCA US, LLC*, No. CV 16-5190 PSG (MRWx), 2016 WL 11516754, at *2 (C.D. Cal. Nov. 7, 2016). "The Court then subtracts the 'offset' from the vehicle's purchase price to get the amount of restitution." *Id.* (citation omitted). "The Song-Beverly Act also permits Plaintiff to recover a civil penalty in the amount of two times the restitution." *Id.* (citation omitted).

Here, Plaintiff purchased the Vehicle for $120,465.20. *See* Dkt. 1-2 ("*Contract*"), 1; *Opp.* 8:4–6. However, in this motion, Plaintiff notes that "the expiration of the term of the contract or the date by which Plaintiff is to have made all of the payments is February

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:25-cv-01127 MWC (SKx) | Date: March 31, 2025 |
| Title   Joon Lee v. Mercedes-Benz USA LLC *et al.* | |

21, 2028," and thus far, Plaintiff has only made payments totaling $70,232.60.  *Mot.* 3:10–15 (calculating $70,232.60 based on "$20,000.00 downpayment plus thirty-six [36] months of payments at $1,395.35").  By Plaintiff's calculation, Plaintiff has actual damages of $50,383.02 ($20,000 downpayment, plus 36 months of payments at $1,393.02, minus $16,774.58 in mileage offset, minus $3,065 in mandatory service contract reduction).  *Id.* 5:13–17.  Plaintiff argues that the Court should end its analysis at actual damages.  Plaintiff, without explanation or citation to authority, concludes that the civil penalty under the Song-Beverly Act "should not be considered to meet the $75,000.00 threshold" because it is "purely speculative."  *See Mot.* 5:19–21; *Reply* ("Defendant attempts to argue that the Court should include . . . civil penalties without being able to identify the amounts outside of reference to other cases.  The penalty is certainly speculative given the Defendant has no way of predicting the amount or whether the adjudicator would ever award one . . . .").

     As Defendant points out, however, courts in this Circuit have concluded that civil penalties should be considered when determining the amount in controversy.  *See e.g.*, *Zoroyan v. Mercedes-Benz USA LLC*, No. 2:24-CV-08063-AB-PVC, 2024 WL 4786138, at *3 (C.D. Cal. Nov. 14, 2024) ("As other district courts in the Ninth Circuit have noted, civil penalties merit inclusion because 'in determining the amount-in-controversy, courts are to consider the "maximum recovery the plaintiff could reasonably recover."'  Further, requiring defendants to make a showing beyond the allegations in the complaint would 'lead to the untenable result of Defendant having to prove up its own liability for civil penalties to demonstrate the amount in controversy.'" (citations omitted)); *Selinger v. Ford Motor Co.*, No. 2:22-CV-08883-SPG-KS, 2023 WL 2813510, at *9 (C.D. Cal. Apr. 5, 2023) ("This Court concludes that civil penalties should be considered . . . . [I]n determining the amount-in-controversy, court[s] are to consider the 'maximum recovery the plaintiff could reasonably recover.'  For this reason, multiple courts have held that these civil penalties are properly considered when determining whether the amount in controversy requirement is met." (collecting cases)); *Lee*, 2016 WL 11516754, at *2 ("Although Plaintiff urges the Court to disregard civil penalties for purposes of calculating the amount in controversy . . . the law counsels otherwise." (citing *Lawrence v. FCA US LLC*, No. CV 16-05452 BRO (GJSx), 2016 WL 5921059, at *4 (C.D. Cal. Oct. 11, 2016))); *Carillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 1003 (C.D. Cal. 2021) ("The Court estimates the amount in controversy by assuming plaintiffs allegations are true.  Here, plaintiff alleges that FCA's failure to comply with its obligation sunder the Song-Beverly Act was willful . . . . Accordingly, [p]laintiff is entitled to a civil penalty of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-01127 MWC (SKx)                                         Date: March 31, 2025

Title   Joon Lee v. Mercedes-Benz USA LLC *et al.*

two times [p]laintiff's actual damages.  As such, the amount in controversy estimate may include a two-times civil penalty." (citations and quotation marks omitted)).

      The Court notes that "[s]ome courts have found that inclusion of civil penalties is improper without more of a showing by the defendant that such penalties are likely."  *See Zoroyan*, 2024 WL 4786138, at *3 (acknowledging that some courts have refused to include civil penalties—but ultimately concluding that "civil penalties merit inclusion" based on the allegations in the plaintiff's complaint).  As in *Zoroyan* (and the other cases cited above), this Court determines that civil penalties merit inclusion in determining the amount in controversy in this litigation, especially because it was Plaintiff's complaint itself that repeatedly placed those civil penalties in controversy.  *See Compl.* 6:17 (requesting "for *civil penalty* in the amount of *two times* Plaintiff's actual damages" in the complaint's prayer for relief (emphasis added)); *id.* ¶ 26 (pleading that "Plaintiff requested [Defendant] to repurchase the [Vehicle] pursuant to California law, however [Defendant] *willfully* refused, justifying an award of a *civil penalty* pursuant to Civil Code Section 1794" (emphasis added)); *id.* ¶ 37 ("[Defendant] was unable to repair Plaintiff's [Vehicle] after a reasonable number of repair attempts.  Plaintiff demanded that [Defendant] repurchase the [Vehicle], however, [Defendant] *willfully* refused in violation of the Song Beverly Act" (emphasis added)); *id.* ¶ 38 ("Plaintiff seeks . . . a *civil penalty* in an amount to be proved at trial." (emphasis added)); *see also Campbell*, 471 Fed. App'x. at 648 ("'[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.'  In other words, in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" (citations omitted)).

      Even accepting Plaintiff's actual damages calculation of $50,383.02, the maximum available civil penalty is twice the actual damages amount, or $100,766.04.  The sum of the actual damages and civil penalty amounts in controversy is $151,149.06.  Accordingly, the Court finds that the $75,000 jurisdictional requirement has been satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:25-cv-01127 MWC (SKx)                                      Date: March 31, 2025

Title    Joon Lee v. Mercedes-Benz USA LLC *et al.*

IV.   Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand.

**IT IS SO ORDERED.**

:
**Initials of Preparer**     TJ